# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ROOR INTERNATIONAL BV AND SREAM, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ARMITAGE PULASKI, INC., d/b/a/ SMOKE & VAPE, <br><br> Defendant. | Case No. 19-cv-5028 <br><br> Judge Martha M. Pacold |

## MEMORANDUM OPINION AND ORDER

Defendant's motion to vacate default judgment of October 27, 2020, [39], is denied. This case remains closed.

## BACKGROUND

Much of the court's analysis in this order aligns with the memorandum opinion and order issued by another court in this district in a substantially similar case involving some of the same parties, *Roor International BV v. Mutual Traders, LLC*, No. 19-CV-5064, 2023 WL 2789325 (N.D. Ill. Apr. 5, 2023) [hereinafter "*Mutual Traders*"] (Gettleman, J.).

On August 20, 2019, plaintiffs Roor International BV (Roor) and Sream, Inc. (collectively, "plaintiffs") filed the operative complaint against Armitage Pulaski, Inc. d/b/a/ Smoke & Vape and Farhan Patel, alleging trademark infringement under the Lanham Act, 15 U.S.C. § 1114, for selling smoking pipes that allegedly bore a counterfeit "Roor" trademark. [7].[1] Plaintiffs were unable to effectuate service of process against Farhan Patel and ultimately dismissed that claim, leaving defendant Armitage Pulaski ("defendant") as the only remaining defendant in the case. [33]; [35]. Plaintiffs served defendant with the amended complaint on October 20, 2019. [10]. After defendant failed to file a responsive pleading, plaintiffs moved for entry of default under Rule 55(a). [16]; *see also* Fed. R. Civ. P. 55(a). The court granted plaintiffs' motion and entered default against defendant under Rule 55(a) on February 18, 2020. [17]. On October 18, 2020, plaintiffs filed a motion for default judgment. [33]; [34]. In a minute entry entered on October 19,

---

[1] Bracketed numbers refer to docket entries and are followed by page and / or paragraph number citations. Page numbers refer to the ECF page number.

2020, the court acknowledged plaintiffs' motion, directed plaintiffs to serve defendant with the minute entry, and required defendant to file any objection to plaintiffs' motion by October 26, 2020. [35]. Defendant filed no response, and on October 27, 2020, the court granted plaintiffs' motion, entered default judgment, awarded plaintiffs $20,000 in statutory damages and $477.20 in costs, entered final judgment, and closed the case. [36]; [37].

Nearly two-and-a-half years later, on March 26, 2023, defendant appeared and filed a motion to vacate the court's default judgment. [39]. For the reasons described below, defendant's motion to vacate the court's default judgment is denied.

## LEGAL STANDARD

Relief from a final judgment is granted under Rule 60(b) "only in exceptional circumstances," *Trade Well Int'l v. United Cent. Bank*, 825 F.3d 854, 860 (7th Cir. 2016), and district courts have "discretion piled on discretion" in considering motions for such relief, *Wehrs v. Wells*, 688 F.3d 886, 890 (7th Cir. 2012) (quoting *Swaim v. Moltan Co.*, 73 F.3d 711, 722 (7th Cir. 1996)). "In order to have a default judgment vacated, the moving party must demonstrate: '(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint.'" *Wehrs*, 688 F.3d at 890 (quoting *Sun v. Bd. of Trustees of Univ. of Ill.*, 473 F.3d 799, 810 (7th Cir. 2007)). "The burden of proof rests on the party moving to vacate the judgment." *Trade Well*, 825 F.3d at 861 (citing *Bally Exp. Corp. v. Balicar, Ltd.*, 804 F.2d 398, 401 (7th Cir. 1986)).

## DISCUSSION

Defendant has not stated a basis for setting aside the default judgment entered against it in this case. Unlike the defendants in *Mutual Traders*, defendant does not argue that service of the complaint was ineffective. *See* [39]; *see also* 2023 WL 2789325 at *5 (considering and rejecting the defendants' argument that they were not effectively served with the complaint). Instead, defendant argues: (1) that there is good cause for defendant's default based on plaintiffs' alleged failure to serve defendants with their default judgment motion and the court's related order; (2) that defendant took quick action to remedy its default; and (3) that defendant has meritorious defenses to plaintiffs' complaint based on the statute of limitations and on the calculation of damages. The court disagrees on each point.

### I. Defendant Has Not Shown Good Cause for Its Default.

First, defendant has not shown good cause for the default. To begin with, defendant does not identify the correct legal standard. Defendant argues, based on *Sims v. EGA Prods., Inc.* 475 F.3d 865, 868 (7th Cir. 2007), that:

2

> The good cause standard for vacating a default judgment is a lenient one that does not depend on there being a good excuse for a defendant's error or failure to take action in a timely manner; instead, the rule governing vacating a default judgment requires good cause for the judicial action of vacating the default, not good cause for the defendant's error.

[39] ¶ 18. That is not correct. The court in *Sims* was applying Rule 55(c)'s more lenient "good cause" standard for vacating entry of default in a case *where judgment has not been entered*, not the standard for vacating a default judgment *after it has been entered*. *See Sims*, 475 F.3d at 868 ("Another way to see this is that Rule 55(c) uses the 'good cause' standard for relief before judgment has been entered, while referring to the standard under Rule 60(b) for relief after judgment. Rule 60(b) allows relief on account of mistake and inadvertence in addition to excusable neglect; the 'good cause' standard in Rule 55(c) must be easier to satisfy."); *see also Wehrs*, 688 F.3d at 890 ("In order to have a default judgment vacated, the moving party must demonstrate: '(1) good cause *for the default*; (2) quick action to correct it; and (3) a meritorious defense to the complaint.'" (emphasis added) (quoting *Sun*, 473 F.3d at 810)).

Defendant does not establish good cause for its default in this case. Defendant seeks to shift the blame to plaintiffs, arguing that plaintiffs failed to serve their motion for default on defendant, in violation of Local Rule 5.3, and that plaintiffs also ignored the court's October 19, 2020 order, [35], which directed plaintiffs to serve defendant with a copy of that order. [39] ¶¶ 19–20. Plaintiffs maintain that they did, in fact, serve both their motion for default judgment and the court's October 19, 2020 order on defendant. [43] at 6.

The court concludes that plaintiffs' assertion is more credible and that defendant was served with a copy of the motion for default judgment and the court's October 19, 2020 order. To support their claim that they served defendant with the motion and order, plaintiffs attached a Federal Express receipt from the morning of October 21, 2020 that indicates that plaintiffs' counsel mailed an envelope to defendant on that date. [43] at 32–33. Defendant does not address this exhibit in its two-page reply, *see generally* [44], and the only support for defendant's contrary assertion is a declaration submitted by Farhan Patel, in which Patel identifies himself as president of defendant and claims that he "can definitively state that [he] never received a copy of a Motion for Default or anything thing [sic] related to this case." [39-2] ¶ 4. Patel's declaration contradicts itself, however, as the sentences that follow make clear that Patel had received at least some of the documents in the case. *See id.* ("The lawsuit as I recall was seeking an injunction against Armitage only for allegedly selling counterfeit merchandise, namely a Roor pipe used for smoking. I understood this to mean that Armitage could not sell Roor pipes, and that if Armitage stopped (which I have no record of selling), there was no need to do anything further."). The court also notes that Patel's declaration is remarkably similar to declarations submitted by Patel and his alleged business partners in

3

other suits brought by plaintiffs relating to the selling of counterfeit Roor pipes. *See* [43] at 35–42. The court therefore concludes that defendant received notice of the relevant motion and order, and that defendant therefore cannot establish good cause for its default. *See Swaim*, 73 F.3d at 721–22 (suggesting that a "willful, careless, or negligent" failure to appear would not be good cause for a party's default (quoting *Johnson v. Gudmundsson*, 35 F.3d 1104, 1117 (7th Cir. 1994))).

Even if plaintiffs had failed to serve defendant with copies of plaintiffs' motion for default judgment and the court's October 19, 2020 order, the court would still conclude that defendant has not shown good cause for its default for the reasons described in *Mutual Traders*:

> Although plaintiffs violated this court's standing order that motions for default "must be mailed to or otherwise served on each party at his, her, or its last known address," this court's order imposes stricter requirements than the Federal Rules, which provide that "[n]o service is required on a party who is in default for failing to appear," unless the new pleading asserts a new claim. Fed. R. Civ. Pro. 5(a)(2). *See also North Central Illinois Laborers' Dist. Council v. S.J. Groves & Sons Co.*, 842 F.[2]d 164, 168–169 (7th Cir. 1988). At most, plaintiffs' failure to serve defendants with its motions for default, as well as the court's orders against them, was negligent—especially considering plaintiffs' conscientiousness regarding service as reflected in the docket, including their dismissal of [Patel] for failure to effectuate service, and their motion for extension of time to serve defendants.

2023 WL 2789325 at *5. In addition to concluding that notice was not required under Rule 5(a)(2), the court notes that because defendant had not appeared in this suit at the time plaintiffs' motion for default judgment was filed, plaintiffs were also not required to provide notice of their motion for default judgment under Rule 55(b)(2). *See* Fed. R. Civ. P. 55(b)(2) ("*If the party against whom a default judgment is sought has appeared personally or by a representative*, that party or its representative must be served with written notice of the application at least 7 days before the hearing." (emphasis added)); *see also S.J. Groves & Sons Co.*, 842 F.2d at 168–70 (7th Cir. 1988) (concluding that Rule 55(b)(2) did not require notice because the defaulting party had not appeared).

Finally, like the court in *Mutual Traders*, the court notes that Patel's declaration "impl[ies] [defendant's] conscious choice to ignore the lawsuit, which [it] understood to mean that '[defendant] could not sell Roor pipes, and that if [defendant] stopped . . . there was no need to do anything further.'" 2023 WL 2789325 at *5; *see also* [39-2] ¶ 4. Thus, even if defendant did not receive separate notice of plaintiffs' motion for default judgment and the court's related order, [35], defendant nevertheless consciously chose to ignore this lawsuit after being served with the complaint. Defendant therefore cannot establish good cause for its default.

4

*See Mutual Traders*, 2023 WL 2789325 at *5 ("The Seventh Circuit has previously determined that a defendant's inaction based on assumptions about a moving party's behavior is not enough to avoid default judgment." (citing *Merrill Lynch Mortg. Corp. v. Narayan*, 908 F.2d 246, 251 (7th Cir. 1990))); *see also Jones v. Phipps*, 39 F.3d 158, 164 (7th Cir. 1994).

## II.     Defendant Has Not Shown Quick Action to Correct the Default.

Defendant also has not shown "quick action to correct [the default]." *Wehrs*, 688 F.3d at 890 (quoting *Sun*, 473 F.3d at 810). Defendant was served with the operative complaint on October 20, 2019. [10]. The court entered default on February 18, 2020, and entered default judgment on October 27, 2020. [17]; [36]; [37]. Defendant did not move to vacate the court's default judgment order until March 26, 2023, 29 months after the court entered default judgment. [39]. Defendant argues that it "did not learn of any proceedings in this case until March 24, 2023 by way of a conversation with counsel." *Id.* ¶ 21. That assertion is not persuasive, however, as the declaration of defendant's president, Farhan Patel, indicates an awareness and conscious disregard of this lawsuit, as described above. [39-2] ¶ 4.[2] Additionally, as noted above, the court concludes that defendant received notice of plaintiffs' motion for default judgment and the court's order setting a deadline for defendant to respond. By waiting to seek relief for over three years from the entry of default and over two years from the entry of default judgment, defendant did not act quickly to correct the default.

Even if the court were to accept defendant's representations, conclude that defendant did not learn about the entry of default judgment until March 24, 2023, and conclude that defendant therefore took quick action to correct the default by filing defendant's motion two days later, the court would nevertheless deny defendant's motion to vacate because defendant has not shown either good cause for its default or a meritorious defense. *See Wehrs*, 688 F.3d at 890.

## III.    Defendant Has Not Shown a Meritorious Defense.

"A meritorious defense need not, beyond a doubt, succeed in defeating a default judgment, but it must at least 'raise[] a serious question regarding the propriety of a default judgment and . . . [be] supported by a developed legal and factual basis.'" *Wehrs*, 688 F.3d at 890 (alterations in original) (quoting *Jones*, 39 F.3d at 165).

---

[2] In a declaration attached to defendant's motion, defense counsel indicates that he, too, learned of this judgment from a conversation on March 24, 2023, though the declaration does not specify from whom counsel learned the information. [39-3] ¶ 5. As defense counsel maintains that he had never represented defendant prior to March 24, 2023, this is not necessarily inconsistent with defendant's argument, and the court does not doubt the veracity of defense counsel's declaration.

5

Defendant asserts that it has a meritorious defense for two reasons: (1) because plaintiffs' claims are barred by the statute of limitations, and (2) because plaintiffs' claims could at most result in damages of $390.00 beyond the cost of the suit, not the $20,000.00 in damages the court ordered as part of the default judgment. [39] ¶¶ 22–24. The court disagrees on both points.

First, defendant asserts that "Plaintiffs['] entire claim is based on a sale of an alleged counterfeit pipe with the false trademark that was sold on July 22, 2016." [39] ¶ 23. Defendant then argues that the applicable statute of limitations is three years, and that plaintiffs' lawsuit is therefore time-barred because it was filed on July 25, 2019. *Id.* Defendant does not support its assertion by analyzing plaintiffs' complaint to demonstrate that plaintiffs alleged only a single infringing sale, however. *See generally id.* Instead, defendant's only citation in support of its characterization of plaintiffs' claim is to an exhibit showing a series of photographs of what the court can only assume to be the July 22, 2016 transaction to which defendant's motion refers. *See* [39-1]. Defendant does not explain how these photographs demonstrate that plaintiffs' claim was based on the sale of only a single pipe. Nor does defendant respond to plaintiffs' argument that plaintiffs' complaint alleged ongoing infringement and sought both damages and injunctive relief, thereby alleging a continuing violation. *See* [43] at 12; *see also* [7]; *see generally* [39]; [44]. Thus, even assuming that defendant is correct that the applicable statute of limitations is three years—which plaintiffs dispute— defendant's motion does not persuade the court at this stage that defendant would have an effective statute-of-limitations defense. *See Hot Wax, Inc. v. Turtle Wax, Inc.*, 191 F.3d 813, 821 (7th Cir. 1999) (describing the "notion of a 'continuing wrong'" as "so prevalent in Lanham Act cases" and explaining that "[u]nder the notion of a continuing wrong, 'only the last infringing act need be within the statutory period.'" (quoting *Taylor v. Meirick*, 712 F.2d 1112, 1118 (7th Cir. 1983))); *see also Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 837 (9th Cir. 2002) ("For many Lanham Act claims, the alleged violations are ongoing, *i.e.,* the wrongful acts occurred both within and without the limitations period. As such, the statute of limitations is conceivably only a bar to monetary relief for the period outside the statute of limitations; the plaintiff is free to pursue monetary and equitable relief for the time within the limitations period." (citations omitted)).

Turning to defendant's damages-based argument, the court first notes that this argument likewise depends on defendant's assumption that plaintiffs have proven the sale of only one infringing pipe. For the reasons just stated, that argument fails. Additionally, defendant's argument ignores the fact that the court's default judgment order ordered *statutory* damages, as requested by plaintiffs' complaint. *See* [36] (awarding $20,000 in statutory damages and $477.20 in costs); [7] ¶¶ 61, 73, 85 (requesting an award of statutory damages); *see also* 15 U.S.C. § 1117(c) (authorizing statutory damages in cases involving the use of counterfeit marks). Defendant's damages-based argument thus likewise fails to show a

6

"meritorious defense to the complaint." *Wehrs*, 688 F.3d at 890 (quoting *Sun*, 473 F.3d at 810).

## CONCLUSION

Defendant's motion to vacate default judgment of October 27, 2020, [39], is denied.  This case remains closed.


Dated: March 21, 2024                             /s/ Martha M. Pacold